**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**AUREL SMITH,**

            **Plaintiff,**

   v.                                                 **9:11-CV-0241**

**M. WILDERMUTH,** *et al.*,

            **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.**     **INTRODUCTION**

This pro se action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. Thérèse Wiley Dancks, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c). In her January 24, 2013 Report-Recommendation and Order (Dkt. No. 43), Magistrate Judge Dancks recommends that certain claims be dismissed, as discussed below. Plaintiff has filed objections to portions of the Report-Recommendation and Order. (Dkt. No. 44).

**II.**     **STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d

1

Cir.1997). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III. CONCLUSION

With this standard in mind, and after reviewing Plaintiff's objections, the Court accepts and adopts all of Magistrate Judge Dancks's recommendations for the reasons stated in her thorough report. Therefore, it is hereby

ORDERED that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 32) is GRANTED IN PART AND DENIED IN PART. In this regard it is,

ORDERED that the following claims are dismissed without leave to amend: (1) all of Plaintiff's state law claims; (2) the claim that Defendant Martuscello denied Plaintiff's grievance regarding the alleged use of excessive force; (3) the claims that Defendants Martuscello, Rock, and Evans failed to file criminal charges on Plaintiff's behalf; (4) the claim that Defendant Martuscello failed to contact the Inspector General's office; (5) the claim that Defendants Martuscello, Rock, and Evans failed to respond to Plaintiff's letters and grievances; and (6) the retaliation claim against Defendant Rock; and it is further,

ORDERED that the following claims are dismissed with leave to amend: (1) the claim that Defendant Martuscello permitted abusive conditions to exist at Coxsackie Correctional Facility; and (2) the claim that Defendants Rock and Evans failed to protect Plaintiff from the attack by Inmate Scarbrough; and it is further,

ORDERED that the motion is denied in all other respects.

Based upon the above, the following claims remain: (1) Plaintiff's First Amendment and RLUIPA claims against Defendant Wildermuth; (2) the excessive force claims against Defendants Wildermuth, Hale, Slater, Ensel, Morris, and Noethe; and (3) the failure-to-intervene claims against Defendants Saez, Chewers, and Bailey.

If Plaintiff elects to re-plead the claims for which he has been granted leave, he must do so within thirty (30) days of the date of this Decision and Order, and he must file a complete pleading that will supercede the former in all respects (*i.e.* allegations or claims made in a prior pleading <u>cannot be incorporated by reference</u>).

**IT IS SO ORDERED.**

Dated: March 11, 2013

Thomas J. McAvoy
Senior, U.S. District Judge